**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CAROLYN CANNON** | * | **CIVIL ACTION** |
| **Plaintiff** | * | **NO: 26-260** |
| **Versus** | * | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | * * | **JUDGE:** |
| **Defendant** | * | **MAGISTRATE:** |

**COMPLAINT**

1. The plaintiff, Carolyn Cannon ("Cannon" or "plaintiff"), brings this action against defendant, The Lincoln National Life Insurance Company ("Lincoln" or "defendant"), for benefits payable under a long-term disability plan ("Plan") sponsored by her employer, Deutsch Kerrigan, LLP.

2. Besides being the insurer of the Plan, Lincoln is also the entity responsible for determining whether claims such as the plaintiff's should be paid. Accordingly, the defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the Plan in which plaintiff participated, the defendant is a proper party defendant in the matter *sub judice* wherein plaintiff seeks benefits pursuant to ERISA, 29 U.S.C. §1132(a)(1)(B).

3. This Complaint challenges the defendant's: a) unreasonable and unlawful denial of long-term disability income benefits despite the substantial medical evidence demonstrating Cannon's qualifications for said benefits; b) a pattern of rejecting and/or ignoring the substantial evidence supporting Cannon's eligibility for benefits; c) failure to provide Cannon with a full and fair review of her claim; and d) failure to provide a reasonable claims procedure that would yield a decision on the merits of Cannon's claim.

4. Cannon is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify her rights under the terms of the Plan, and to recover costs, attorney's fees, and pre- and post-judgment interest as provided by ERISA.

5. This Court has personal jurisdiction over the defendant and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e)(1) without regard to jurisdictional amount or diversity of citizenship. Venue is proper in this Court in that the Plan was administered in this district, plaintiff is domiciled in this district, and the defendant's breach of its ERISA obligations occurred in this district.

6. At the time Cannon became disabled, she was employed by Deutsch Kerrigan, LLP and she was a vested member of her employer's long-term disability plan.

7. Cannon became disabled due to a stroke on May 29, 2024, rehabilitation from stroke, small bowel obstruction, and ongoing cognitive issues as a result of her stroke. The claim was denied on the basis the stroke was a pre-existing condition.

8. Lincoln alleged that Cannon received an ICD implant and underwent treatment for congestive heart failure, diabetes, and hypertension during the Lincoln policy's pre-existing condition "lookback period," and therefore her stroke was a pre-existing condition per the terms of the Lincoln policy.

9. Cannon timely appealed her long-term disability claim denial twice, arguing that the stroke was an intervening cause of her disability, her small bowel obstruction was not related to any alleged pre-existing conditions, and her alleged pre-existing conditions did not clearly cause or necessarily lead to her stroke. Cannon cited relevant case law from this district showing why the denial was improper. However, Lincoln twice upheld the denial of the claim. Cannon has therefore exhausted administrative remedies within the meaning of ERISA.

10. The defendant failed to provide Cannon with a full and fair review of her claim for benefits.

11. Any discretion to which defendant may claim it is entitled under the Plan is negated by its failure to provide the plaintiff with a reasonable explanation as to its adverse action and a full and fair review of her claim for benefits.

12. The defendant was motivated by its financial conflict of interest when it denied Cannon's claim for benefits.

13. The Plan is a contract.

14. Plaintiff has performed all of her obligations under the contract.

15. 29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -
by a participant or beneficiary –

"For the relief provided for in subsection (c) of this section, or to recover benefits due to him under the terms of his Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan."

16. The defendant's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

17. The defendant unlawfully denied plaintiff's benefits in part by: (1) rejecting the substantial evidence supporting plaintiff's claim; (2) denying plaintiff a full and fair review of the decision to deny her benefits; and (3) ignoring relevant case law that shows the application of the pre-existing condition exclusion in this case is unlawful.

18. In accordance with 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to be paid benefits under the Plan based upon her disabled status during her period of disability.

19. The defendant has refused to provide plaintiff with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA.

20. As a direct and proximate result of this breach, plaintiff has lost the principal and the use of her rightful long-term disability benefits.

21. Under the standards applicable to ERISA, plaintiff deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. Section 1132(g)(1).

22. The defendant acted in bad faith in denying plaintiff's benefits under the Plan, refusing to even consider relevant case law that shows the application of the pre-existing condition exclusion in this case is unlawful. The award of attorneys' fees against the defendant will deter the defendant and similarly-situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

23. WHEREFORE, the plaintiff respectfully prays that the Court:

A. Declare, adjudge, and decree that plaintiff is entitled to long-term disability benefits as calculated under the terms of the Plan for the duration of disability;

B. Award plaintiff the full amount of unpaid benefits under the Plan to which she is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

C. Award plaintiff the costs of this action and reasonable attorneys' fees; and

D. Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin, Jr.

DAVID C. PELLEGRIN, JR., T.A. (La Bar # 34957) 3500 North Hullen Street
Suite 17D
Metairie, LA 70002

email: dpellegrin@pellegrinfirm.com
phone: 504-405-3245
fax: 1-866-651-8738
Attorney for Plaintiff Carolyn Cannon